huelge Nicholas
delivered the opinion of the court.
Phelps sued Gordon, in debt, upon a note executed and payable in New Orleans, stipulating for the payment of interest, after maturity, at the rate of eight per cent, per annum.
The court rendered judgment, by default, for principal and accruing interest till paid at the rate of eight per cent., and Gordon appeals.
Whatever might be the effect of a stipulation for such a rate of interest on the-face of a note executed in this state, there is no pretence for giving any vitiating effect to it when executed, as this was* in another state, whose laws on that subject are not made known to us by appropriate pleading. The defendant was properly chargeable with interest, according lo his agreement, up to the time of rendering thp judgment, but there it should have stopped. Pawling vs. Sartain, IV J. J. Marshall, 238.
Previous to rendering the judgment, Gordon had filed two pleas in abatement, which were afterwards, on the motion of the plaintiff, rejected. The only *620 one of these pleas that has any pretensions to sufficiency, says that in a former suit for the same cause, the plaintiff obtained judgment against the defend-ant, which judgment was afterwards reversed in this court, and the cause remanded for further proceedings in the circuit court,- and that it was not dismissed in that court until after instituting this suit.
Where appellate oi-urt has ordered a suit for the same cause of action,to be dismissed absolutely, it i° a final disposition ol that suit, and it is not necessary the plaintiff therein to Wait until the order is entered in the circuit court before he commences another suit.
Mordicad and Brown, for appellant ; Crittenden5 for appellee.
Without determining whether it was necessary for the plea to aver that the former suit was still pending at the time of .filing the plea, we think it was bad on another ground. It should have shewn the character of the proceedings directed by the reversing order of this court. If that order had been to dismiss the suit absolutely, or any thing equivalent thereto, it was a substantia! final disposition of that suit, and it was not necessary for the plaintiff to wait until it was entered in the circuit court before he commenced this suit. The plea should have so described the reversing order as to have shewn that it was not of that character.
The pleas being bad, we think the court did right in disregarding them without requiring a demurrer.
Judgment reversed, with costs, and cause remanded, with directions to enter judgment pursuant hereto.